UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| FOREMOST INSURANCE COMPANY, GRAND RAPIDS MICHIGAN, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:24-cv-00445-JPH-MKK |
| STEVEN M. BUCCI Clerk's Entry of Default Entered on 7/12/2024, PATRICIA ROSS Clerk's Entry of Default Entered on 7/12/2024, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER ON MOTION FOR DEFAULT JUDGMENT**

On March 8, 2024, Foremost Insurance Company filed a complaint against Defendants Steven Bucci and Patricia Ross seeking a declaratory judgment regarding its obligations under a Foremost insurance policy. Dkt. 1. On July 12, 2024, the Clerk's entered default against Mr. Bucci and Ms. Ross for failure to plead or otherwise defend this action. Dkt. 15; dkt. 16. Foremost now seeks a default declaratory judgment. Dkt. [18]. For the reasons below, that motion is **GRANTED**.

**A. Liability**

Federal Rule of Civil Procedure 55 creates a two-step process for a party seeking default judgment. *See VLM Food Trading Int'l, Inc. v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016). First, the plaintiff must obtain an entry of default from the Clerk. Fed. R. Civ. P. 55(a). Upon default, the well-pleaded allegations in the complaint relating to liability are taken as true. *VLM Food,*

1

811 F.3d at 255.  Second, after obtaining entry of default, the plaintiff may seek an entry of default judgment.  Fed. R. Civ. P. 55(b).

Here, an entry of default was issued against Mr. Bucci and Ms. Ross, dkt. 15; dkt. 16, and State Farm seeks default judgment, dkt. 56.  The allegations in the complaint are therefore taken as true, and here those allegations establish liability.  *See* Fed. R. Civ. P. 55(b); *VLM Food Trading Intern.*, 811 F.3d at 255.

### B. Damages

While the Court must accept as true allegations relating to liability, "damages must be proved unless they are liquidated or capable of calculation." *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012).  Here, Foremost seeks only declarations about coverage under the policy and its obligations to defend or indemnify Mr. Bucci.  Dkt. 1 at 5.  Because the allegations in the complaint, when accepted as true, show that Foremost is entitled to that declaratory judgment, its motion for default judgment is **GRANTED**.  Dkt [18].  The Court **DECLARES**:

1. There is no coverage under Foremost Policy 444-00119274471 for any liability Steven M. Bucci may have for the damages alleged in the Complaint filed by Patricia Ross in the Madison County Superior Court as Cause Number 48C03-2309-CT-000190; and

2. Foremost has no duty to defend Steven M. Bucci against the Complaint filed by Patricia Ross in the Madison County Superior Court as Cause Number 48C03-2309-CT-000190; and

3. Foremost has no duty to indemnify Steven M. Bucci for any liability he may have for the damages alleged in the Complaint filed by Patricia Ross in the Madison County Superior Court as Cause Number 48C03-2309-CT-000190.

Final judgment shall issue by separate entry.

**SO ORDERED.**

Date: 10/9/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel

Patricia Ross
c/o Brandon W. Smith
Morgan & Morgan
117 E. Washington Street Suite 201
Indianapolis, IN 46204

Steven M. Bucci
325 E. Cross Street
Anderson, IN 46012